Mr. Chief Justice ShakKet
delivered the opinion of the court.
The appellees, as creditors of William H. Eggleston, deceased, filed their petition in the probate court of Wilkinson county, praying the court to set aside a report made by commissioners of insolvency, appointed to audit claims against Eg-gleston’s estate, and also to set aside the order for receiving and confirming the report, for alleged irregularities in Saunders, the administrator, in making the report of insolvency, and for irregularities in the proceedings of the court and the commissioners. Waiving the point, whether the petition was filed in proper time, we will consider the merits.
The irregularities and defects complained of are the following, to wit: First, that the estate was reported insolvent by the administrator, and commissioners of insolvency appointed, before any showing had been made of the insufficiency of the personal estate, and before any order was made directing that the land should be-sold, to pay the debts, before which it could not be ascertained that the estate was insolvent; and also that the commissioners were acting under their commission, long before the court ordered a sale of the real estate. Second, that the commissioners failed to report within six months, as required, and the court also failed to make an order at the expiration of that time, allowing them a further time to report; and that the order subsequently made at June term, 1841, long after the six months had elapsed, allowing them further time to report, was void, because, by failing to report within the time *303 first allowed, they had ceased to be commissioners. Third, that the commissioners did not give notice, as the law directs, of the times and place of their meeting, by posting up such notice. And, fourth, that the commissioners did not make their report within six months from the June term, 1841, as required by the second order of the court, by which the time for making the report was extended; nor was there, at the expiration of that time, any order made allowing a further time to receive claims and report, but that in fact they did not report until January term-1842, when their authority had ceased in December preceding. To the petition the administrator demurred, which being overruled, he appealed.' We have, therefore, only to determine whether, from the face of the petition, the prayer ought to be allowed.
The first objection, taken to the proceedings of the administrator and the court, is based upon an erroneous construction of the law in reference to insolvent estates. The statute speaks of two kinds of insolvencies; the one being only partial and the other total. When the administrator discovers that the personal estate will be insufficient to pay the debts, he may so report to the probate court; and on his exhibiting an account of the debts and the estate, the court may, if it is satisfied that ■it is necessary, order the proper steps to be taken, preparatory to a sale of the real estate. H. & H. Dig. 407, sec. 76. Then it is that the personal estate must appear to be insufficient before an order can be. made to sell the land. But this section does not look to a total insolvency of both personal and real estate. On the contrary, it seems to presuppose that, by a sale of the land, the whole of the debts may be paid. The 80th section provides for a case of total insolvency, and it does not require a previous showing, as to the insufficiency of the personal estate, but a showing, generally, that the whole estate will be insufficient. In making a report of insolvency, the administrator is required to exhibit an' account of all the debts that have come to his knowledge, and also an account of the entire estate. This is required for the purpose of satisfying the court of the truth of the report. It is evident, from the nature of things, *304 that at this stage of the proceedings, positive certainty cannot be attained. The administrator must be governed in his report, and the court in its proceedings, by the probable value of the estate; because the actual value cannot be known until it is sold.
It is stated, in the first objection to the proceedings, that commissioners of insolvency were appointed before an order was made to sell the lands, and it is insisted that the order of sale should have [preceded the appointment of the commissioners, and the language used in the statute is relied on, which is as follows, to wit: “And if it appear to said orphan’s court, that such estate is insolvent, then, after ordering the lands, tenements, and hereditaments of the testator, or intestate, to be sold, as aforesaid, they shall appoint two or more fit persons to be commissioners,” &c. Thus it will be seen, that the objection is not taken because the court did more or less than it was authorized to do, but because 'it did not follow the precise order prescribed in the statute. This is a circumstance so wholly immaterial, that it certainly can avail the petitioners nothing. When an estate is insolvent, it is to be equally distributed amongst creditors, the land being their assets; and the purpose of the law is as well accomplished, by appointing commissioners before making an order of sale, as otherwise. Both orders have to be made, and the one is not dependent on the other. It is also said the order appointing commissioners was irregular, because it could not be known that the estate was insolvent. Perhaps such orders aré, in some instances, made where the estate turns out to be solvent; for, as already observed, the precise value of the estate cannot be known, but this does not make the order void. The court and the administrator must act from the best lights they have. The showing must be such as to furnish prima facie evidence of insolvency, and then the court may proceed to make the necessary orders. It has a discretion, which, when exercised, is conclusive, at least unless a direct appeal be taken.
It seems, from the tenor of the petition, that when commissioners of insolvency were first appointed, which was at the *305 October term, 1840, six months were allowed them to make their report. They failed to report at the expiration of that time, and the court, within that period, also failed to extend the time for the report, but at a subsequent term, to wit, at June term, 1841, the court did make an order enlarging the time for the report, by giving six months longer. The second objection is predicated on this failure of the commissioners to report within the first six months, and also on the failure of the court to extend the time before the expiration of that period. The counsel, on this state of the facts, have assumed the position that •the power of the commissioners ceased at the expiration of six months, and that as the court did not extend the rule to report whilst they were still in power, that its order is void. Such a conclusion is not justified by the law. The court is expressly authorized to keep open the commission for any length of time(i not exceeding eighteen months. Section 80. It is the duty of the commissioners to report within the prescribed time, but their acts done within the time, do not become void in consequence of a failure to report. The court, in this instance, too, has a discretion which it may exercise, by allowing further time. The 84th section gives express authority to do so in case the commissioners should not report, and it seems to have been framed to meet just such a contingency as that presented by the petition. The power of the court over the commissioners did not cease at the expiration of the six months, but it continued until the purpose of the appointment was accomplished, and it was competent for the court at any time, within the eighteen months, to enlarge its rule. This it did, and afterwards received and approved the report,’ which was a ratification of what had been done.
In the next place, the validity of the report is attacked because the commissioners did not post up notices of the times and place of their meeting, as the law requires. The petition admits that they published notices in a newspaper, published in Woodvile. The language of the statute is, “ and the said commissioners shall cause the times and places of their meeting to attend the creditors, for receiving and examining their claims *306 to be made known, by causing notices to be posted up in such public places, and published in such newspaper or newspapers, as the said orphan’s court shall direct.” The law does not prescribe any exact mode or precise time for giving notice, but directs generally that the order of the court shall be followed in this respect. The only rule prescribed by the law is, that the commissioners shall follow the order of the court. The petition contains no averment that they departed from the order of court, and if they did not, their acts are not open to attack on that account. Nor does it even aver that the petitioners were not notified by the publication in the newspaper; they therefore have not been prejudiced because notices were not posted up, and cannot complain.
The last ground assumed for reviewing and setting aside the proceedings is very much the same as the first. It seems that the commissioners failed to make their report at the expiration of the second term of six months, which had been allowed, which expired on the 18th December, 1840, and that the court, also failed to give further time for making the report. They did, however, report at the January term, 1842, and the report was received, which the court in its discretion had a right to do, as eighteen months had not elapsed from the time of their first appointment. The remarks made on the first ground of objection, apply also to this.
Neither of the special exceptions taken in the petition to the proceedings, can be regarded as well founded in law, nor does the petition contain any other allegation, which could justify the court in setting aside the proceedings, even if its power to do so admitted of no question. The demurrer, therefore, should have been sustained, and as we are to give such judgment as the court below should have given, the demurrer is sustained, and the petition dismissed.